IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANNY HOUK                                                                    PLAINTIFF

V.                                                    CAUSE NO. 1:04CV333-M-D

PEOPLOUNGERS, INC.                                             DEFENDANT

**ORDER**

This cause comes before the court on the motion of defendant PeopLoungers, Inc. for summary judgment **[33-1]**, pursuant to Fed. R. Civ. P. 56. Plaintiff Danny Houk has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

Houk filed this action against his former employer PeopLoungers, Inc., alleging that he was terminated from his job at PeopLoungers' Nettleton, Mississippi factory based upon his age, in contravention of the Age Discrimination in Employment Act (ADEA), 20 U.S.C. § 621, *et seq*. The record reveals that Houk, who was 48 years old at the time of the termination, served as an employee at PeopLounger's on three separate occasions in his life. Plaintiff first worked for defendant for 8 months in 1980 before quitting. Plaintiff worked at PeopLoungers once again for a three month period in 2001 before he, according to personnel records "quit" and "walked out without notice" on December 12, 2001. Houk eventually went back to work at PeopLoungers in

2002 and stayed there until he was terminated on February 2, 2004.[1]

Defendant contends that Houk left his worksite without notice on the afternoon of January 31, 2004, and that he was terminated on this basis. Plaintiff maintains that he was fired based upon his age and that defendant's stated reason for terminating him is both false and a pretext for age discrimination. Feeling aggrieved, Houk filed the instant age discrimination and defamation action on October 22, 2004. Defendant has presently moved for summary judgment, arguing that no genuine issue of material fact exists regarding its potential liability in this case and that it is entitled to judgment as a matter of law.

Plaintiff offers no direct proof of discrimination in this case, instead seeking to prove his case circumstantially based upon the standards set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). In *McDonnell Douglas* and subsequent cases, the United States Supreme Court established standards for the order and allocation of proof in circumstantial discrimination cases. *See, e.g. Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). Houk may establish a *prima facie* case of discrimination under *McDonnell Douglas* by showing that (1) at the time he was fired, he was a member of the class protected by the ADEA, that is, "individuals who are at least 40 years of age," 29 U.S.C. § 631(a), (2) he was otherwise qualified for the position, (3) he suffered an adverse employment decision and (4) there is some evidence that the employment decision was motivated by unlawful age discrimination. *Armendariz v. Pinkerton Tobacco*, 58 F.3d 144, 149 (5th Cir. 1995). The Fifth

---

[1]Plaintiff asserts in his brief that he was fired in February, 2005, but this conflicts with personnel records and is clearly erroneous since plaintiff filed this action on October 22, 2004.

Circuit has held that the latter requirement may be met through a showing that the plaintiff was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of her age. *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993).

If a plaintiff is successful in establishing a *prima facie* case of discrimination, then the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions. *Burdine*, 450 U.S. at 254. If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's *prima facie* case disappears and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). The Fifth Circuit has recently made it clear that, in order to survive summary judgment, an ADEA plaintiff is not limited to demonstrating that the stated reason for terminating him is false, as long as he can create fact issues as to whether discrimination was one factor which motivated his termination. *Rachid v. Jack in the Box,* 376 F.3d 305, 312 (5th Cir. 2004).

Even assuming, *arguendo*, that Houk can establish a prima facie case of age discrimination in this case, the court concludes that he has failed to create any genuine fact issues as to whether defendant's stated reason for terminating him was pretextual or whether age discrimination was otherwise a factor motivating his termination. In arguing that summary judgment would be inappropriate, Houk asserts that he had been given permission to leave work on the day in question by acting cutting room supervisor Theresa Blair and that fact issues accordingly exist as to whether the stated reason for terminating him is false.

3

The court agrees with defendant that, regardless of whether Houk was actually given permission to leave work by Blair, there is no indication in the record that the PeopLounger managers who terminated him had any reason to doubt that he had actually left early without permission. Defendant notes that Human Resources Manager Keith Blaylock and Cutting Room Manager Allen Jolly were the principal decisionmakers with regard to Houk's termination and "they had no information from anybody that Houk had been given permission to leave." Indeed, Blair testified that she informed Jolly that Houk had left work even though he had been told to stay. It appears from the record that manager Tim Sides also had a role in the decision to terminate plaintiff, and there is no evidence that this manager had reason to doubt that plaintiff had actually walked off the job on the Saturday in question.

Plaintiff argues that age discrimination can be inferred from the fact that two younger employees (including his son Tim Houk and Lynn Brown) also walked out on the Saturday in question but were only given one month's probation for their actions. Defendant correctly notes, however, that Houk had previously walked off the job and quit during his prior employment with defendant in 2001 and that the younger employees did not have a similar negative work history. Moreover, Tim Sides testified that plaintiff was fired, rather than put on probation, due to the fact that he was judged to be the instigator of the walkout in question. This assertion is supported by facts and testimony in the record, including evidence that Houk's son Tim left because he needed a ride with his father as well as evidence that Lynn Brown left because he had no partner to cut with after his partner Danny Houk left. Sides' testimony that he considered Danny Houk to be the instigator of the walkout is also supported by testimony from employees Karen Angle and Lynn Brown that Danny Houk had been vocal in announcing to his co-workers his intention to

4

leave work early. As such, the court agrees with defendants that no inference of age discrimination can be made from the fact that the younger employees who walked out were not fired.

In the court's view, Houk has arguably managed to create fact issues as to whether he received a "raw deal" with regard to his termination, but even this is very much in dispute.[2] Regardless, there is not a scintilla of evidence in the record, either direct or circumstantial, which suggests that age was a motivating factor for plaintiff's termination. Indeed, plaintiff's co-worker Lynn Brown denied having seen any indication of such discrimination, and the facts surrounding plaintiff's hiring and firing do not support an inference of discrimination. Plaintiff was already 46 years old at the time he was hired by PeopLoungers for a third time, and he provides no proof that his employer had developed concerns about his age in the intervening year and a half. Defendant notes that it has several employees who are older than plaintiff, and that plaintiff was replaced by a worker who was only nine years younger. Whatever the true facts regarding the dispute between plaintiff and Ms. Blair, the facts of this case cause no suspicion whatsoever in the court's mind that defendant was discriminated against on the basis of his age.

---

[2]As noted previously, there is evidence in the record supporting a conclusion that Danny Houk was the instigator of the walkout. Moreover, in her deposition, Theresa Blair testified that she had told all employees, including Houk, that they would be required to work past lunch on the Saturday in question and that Houk gave her no indication that this would pose a problem. Blair's version of events is supported by the deposition testimony of Houk's former co-worker Karen Angle, who testified that Blair told her that she thought that Houk must have been "joking" when he told Angle that he would not be returning to work after lunch. This statement attributed to Blair would appear to be inconsistent with plaintiff's contention that he had received permission from Blair to leave early.

Defendant's motion for summary judgment is therefore due to be granted.[3]

A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 13th day of April, 2006.


   /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

---

[3] Plaintiff's state law claims for defamation and malicious interference with economic expectancy are patently without merit. Plaintiff alleges that defendant provided false reasons for his termination to the EEOC and the Mississippi Employment Security Commission and that this misconduct gives rise to the aforementioned causes of action. Defendant correctly notes that its statements in this regard are subject to a good faith privilege, and there is no evidence in the record whatsoever to support a conclusion that defendant acted outside the scope of this privilege.